UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RONALD CROSBY AND | ) | |
| (2) ANN CROSBY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CV-00433-SPS |
| | ) | |
| (1) TWIN CITY FIRE INSURANCE | ) | |
| COMPANY, | ) | (*Removed from District Court of* |
| | ) | *Marshall County, Case No.* |
| Defendant. | ) | *CJ-2015-60*) |

## NOTICE OF REMOVAL

Defendant Twin City Fire Insurance Company ("Twin City") removes this action from the District Court of Marshall County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and based on the following:

1.     On October 13, 2015, Plaintiffs Ronald Crosby and Ann Crosby ("Plaintiffs") filed the Petition, hereinafter referred to as "Complaint," in the District Court of Marshall County, Oklahoma, captioned *Ronald Crosby and Ann Crosby v. Twin City Fire Insurance Company*, Marshall County Case No. CJ-2015-60.  *See* Ex. 1.

2.     The Complaint purports to state claims against Twin City for breach of contract and insurance bad faith for which Plaintiffs seek (1) damages in the sum of $54,410.80 for an alleged breach of contract (Ex. 1, ¶ 9), (2) an amount in excess of $50,000 for an alleged breach of the duty of good faith and fair dealing (Ex. 1, ¶ 13), (3) punitive damages (Ex. 1, ¶ 14), and (4) attorneys' fees and costs (Ex. 1, at 3, 4).

1

3.      The Complaint and its exhibits in this action are attached as Exhibit 1.  The Service of Process Transmittal document from the Corporation Company is attached as Exhibit 2.  The transmittal documents from the Oklahoma Insurance Commissioner are attached as Exhibit 3.  The Summons is attached as Exhibit 4.  The return of summons filed by Plaintiff on the Marshall County docket is Exhibit 5.  A copy of the docket sheet in Marshall County for this case is attached as Exhibit 6.  Plaintiffs' First Interrogatories, Requests for Admission, and Requests for Production to Twin City are attached as Exhibit 7.  Twin City is unaware of the existence of any process, pleadings, or orders other than the documents included in Exhibits 1-7.  Moreover, there are no motions pending before the Marshall County District Court in this matter, nor are any hearings currently set.

4.      As set forth more fully below, this action is properly removed to this Court because Twin City meets all of the requirements for removal and this Court has jurisdiction.

**I.      Twin City has satisfied the procedural requirements for removal.**

5.      Plaintiffs served the Complaint on the Insurance Commissioner of the State of Oklahoma.  *See* Ex. 4.  The Complaint was mailed by the Insurance Commissioner to Twin City's service agent, the Corporation Company, on October 21, 2015.  Ex. 3.  The Complaint was received by Twin City's service agent on October 22, 2015.  Ex. 2.

6.      Because this Notice of Removal is being filed within thirty days of service of the Complaint on Twin City's service agent, it is timely under 28 U.S.C. § 1446(b).

7.      Under 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Marshall County, Oklahoma, where the action is pending.  *See* 28 U.S.C. § 116(b).

8.      Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391.

2

**II.     Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

9.     This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) between citizens of different states, and (B) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Thus, this action may be removed to this Court by Twin City pursuant to 28 U.S.C. § 1441(a).

**A.     Complete diversity of citizenship exists between Plaintiffs and Twin City.**

10.     Twin City is a corporation organized under the laws of the state of Indiana with its principal place of business at One Hartford Plaza, Hartford, Connecticut 06155.  *See* Ex. 8, Declaration of Jodi Dishman.[1]  Thus, for purposes of diversity jurisdiction, Twin City is a citizen of Indiana and Connecticut.

11.     Upon information and belief, Plaintiffs are citizens of Oklahoma.  *See* Ex. 8, Declaration of Jodi W. Dishman.

12.     As shown by Exhibits 1 and 8 and their supporting exhibits, Plaintiffs reside and are domiciled in Oklahoma:

A.     Plaintiffs own property—including a residence—located at 519 Sunset, Ardmore, Oklahoma, 73401 in Carter County, Oklahoma (the "Residence").  *See* Ex. 1, Ex. "A"; *see also* Ex. 8.  According to the Carter County Assessor's Office, the Residence has not been transferred within the previous five (5) years.

B.     According to Exhibit "A" to the Complaint, the Residence is Plaintiffs' mailing address.

_____

[1] The Court may consider evidence and documents outside the pleadings in determining whether it has subject matter jurisdiction over a controversy.  *Cf. Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

C.      According to the Complaint, Plaintiffs also own property located at 9109 Waters Edge, Kingston, Oklahoma, 73439 in Marshall County, Oklahoma, a dispute over the insurance coverage for which is the subject of this action (the "Subject Property").  *See* Ex. 1, ¶ 2. According to the Marshall County Assessor's Office, the Subject Property has not been transferred since it was purchased by Plaintiffs in 2003.

D.      Plaintiffs also own property located at 11 S. Main in Kingston, Oklahoma, in Marshall County.

E.      Plaintiffs are both registered voters in Oklahoma.

13.    Based on the foregoing and upon information and belief, there is complete diversity between Plaintiffs and Twin City.

**B.      The amount in controversy requirement is satisfied.**

14.    Plaintiffs seek actual and punitive damages, plus attorneys' fees and costs.  *See* Ex. 1.  Plaintiffs have failed to comply with the Oklahoma Pleading Code, which requires that a pleading demanding relief for damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction" except in actions sounding in contract, and that pleadings demanding relief less than the amount required for diversity jurisdiction "shall specify the amount of such damages sought to be recovered."  Okla. Stat. tit. 12, § 2008(A)(2).

15.    A "plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount."  *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant."  *Id.*

16.     A defendant seeking removal need only prove—by a preponderance of the evidence—"jurisdictional *facts* that make it *possible* that $75,000 [is] in play." *Id.* Once such facts are proven, the defendant is "entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

17.     One method by which a removing defendant may present the necessary proof is by "estimating potential damages from the allegations of the plaintiff's pleading." *Schrader ex rel. Doe v. Farmers Ins. Co.*, No. CIV-08-595-D, 2008 WL 2782710, at *1 (W.D. Okla. July 7, 2008); *see also McPhail*, 529 F.3d at 955 ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

18.     Plaintiffs separately claim actual damages for their breach of contract and bad faith claims in excess of $75,000. Specifically, Plaintiffs seek damages in the sum of $54,410.80 for an alleged breach of contract and "an amount in excess of $50,000" for an alleged breach of the duty of good faith and fair dealing. Ex. 1, ¶¶ 9, 13. Thus, these amounts sum to an amount of alleged actual damages of $104,410.80. *See Munoz v. Fed. Nat'l Mortg. Ass'n*, No. CV-13-1826-PHX-GMS, 2014 WL 3418447, at *2 (D. Ariz. July 14, 2014) (holding that when amounts of damages are asserted for individual causes of action, the amount in controversy is the sum of those amounts).[2]

19.     Plaintiffs also seek "attorney fees" in their Complaint. Ex. 1, at 3, 4. Attorneys' fees may be included in the amount in controversy where they are authorized by state law. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). While Plaintiffs do not

---

[2] Plaintiffs also attach and incorporate by reference Exhibit "A" to their Complaint, which are purported pages from the homeowners' insurance policy at issue. Those pages purportedly show a limit of liability for $475,000 for dwelling coverage alone, far in excess of the jurisdictional amount in controversy. *See* Ex. 1, Compl., Ex. "A."

specify the law under which they seek attorneys' fees, their attorneys, by signing the Complaint, certified that to the best of their knowledge, information, and belief, that legal contention was warranted by existing law or by non-frivolous argument for the modification of existing law or establishment of new law.  *See* Okla. Stat. tit. 12, § 2011(B).  In fact, it appears that Plaintiffs seek attorneys' fees as a substantive component of their claimed damages.  *See* Ex. 1, at 3.  A reasonable attorneys' fee award to Plaintiffs would certainly cause the amount in controversy to exceed $75,000.

20.     Finally, Plaintiffs allege punitive damages on their bad faith claim.  *See* Ex. 1, ¶ 14.  Under Oklahoma law, punitive damages may reach up to $100,000 even at the lowest level of culpability.  Okla. Stat. tit. 23, § 9.1(B).  This possible recovery is sufficient for removal.  *See Hartsfield v. Farmers Ins. Co.*, No. CIV-10-585-C, 2010 WL 3895716, at *2 (W.D. Okla. Sept. 30, 2010) ("Plaintiff's claim of $32,820.12 in contract damages together with compensatory and punitive damages . . . makes it possible that $75,000 is at play.  Consequently . . . Defendant has satisfied its burden of showing over $75,000 is in controversy." (footnote and citation omitted)); *Schrader*, 2008 WL 2782710, at *1 (denying remand when defendant supported the amount in controversy by pointing to possible tort recovery under Oklahoma's punitive damages statute).

21.     Any of the above, taken in combination or as a whole—i.e., (1) the aggregation of Plaintiffs' individual damages' claims; (2) Plaintiffs' attorneys' fees request; and/or (3) Plaintiffs' punitive damages request—shows that Plaintiffs have put an amount in excess of the sum or value of $75,000, exclusive of interest and costs, at issue in this litigation.  *See Lopez v. Farmers Ins. Co.*, No. CIV-10-584-HE, 2010 WL 2977301, at *1 (W.D. Okla. July 27, 2010) (combining multiple assertions regarding damages to determine that the amount in controversy requirement was met in relation to a Notice of Removal).

22.     Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. *McPhail*, 529 F.3d at 954.

23.     Therefore, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

24.     Pursuant to 28 U.S.C. § 1446(d), Twin City certifies that it will promptly give written notice of the filing of this Notice of Removal to all known counsel of record, and will likewise file a copy of this Notice of Removal with the District Court of Marshall County, Oklahoma.

25.     By filing this Notice of Removal, Twin City does not waive any defense that may be available to it, including but not limited to the defenses set forth in FED. R. CIV. P. 12(b).

26.     Twin City reserves the right to amend or supplement this Notice of Removal.

Accordingly, Twin City removes this matter from the District Court of Marshall County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

Dated:   November 12, 2015

Respectfully submitted,

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
Andrew J. Morris, OBA # 31658
MCAFEE & TAFT
A PROFESSIONAL CORPORATION
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
E-mail:       jodi.dishman@mcafeetaft.com
                  andrew.morris@mcafeetaft.com

*Attorneys for Defendant Twin City Fire*
*Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Mike Mordy
Carrie Pfrehm
Brad Wilson

Attorneys for Plaintiffs Ronald Crosby and Ann Crosby

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 12th day of November, 2015, to:

Mike Mordy
Carrie Pfrehm
Brad Wilson
110 West Main Street
Post Office Box 457
Ardmore, Oklahoma 73402

Attorneys for Plaintiffs Ronald Crosby and Ann Crosby

*/s/ Jodi W. Dishman*
Jodi W. Dishman